UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| MARJORIE S. WAHLFIELD, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:06-cv-666 |
| | ) |
| v. | ) Honorable Paul L. Maloney |
| | ) |
| COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Defendant. | ) |
| | ) |

This is a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB) and supplemental security income (SSI) benefits. On September 27, 2004, plaintiff filed her applications for benefits, claiming a September 1, 2003 onset of disability.[1] (A.R. 59-61, 142-44). Plaintiff's claims were denied on initial review. On September 15, 2005, plaintiff received a hearing before an administrative law judge at which she was represented by counsel. (A.R. 344-77). On October 14, 2005, the ALJ issued a decision finding that the 38-year-old plaintiff was not disabled. (A.R. 16-23). On August 18, 2006, the Appeals Council

---

[1] SSI benefits are not awarded retroactively for months prior to the application. 20 C.F.R. § 416.335; *see Brown v. Apfel*, 192 F.3d 492, 495 n.1 (5th Cir. 1999); *Torres v. Chater*, 125 F.3d 166, 171 n.1 (3d Cir. 1997); *Kepler v. Chater*, 68 F.3d 387, 389 (10th Cir. 1995); *see also Romero v. Barnhart*, 135 F. App'x 172, 174 (10th Cir. 2005); *Newson v. Social Security Admin.*, 100 F. App'x 502, 504 (6th Cir. 2004). Therefore, the question before the Commissioner on plaintiff's SSI claim was whether plaintiff was disabled in or after September 2004, not plaintiff's alleged onset date in 2003. Moreover, the earliest month in which SSI benefits are payable is the month after the application for SSI benefits is filed. 20 C.F.R. § 416.335. Thus, October 2004 was the first month plaintiff was potentially entitled to SSI benefits.

denied review (A.R. 5-7), and the ALJ's decision became the Commissioner's final decision. On September 14, 2006, plaintiff filed her complaint seeking judicial review of the Commissioner's decision denying her claims for DIB and SSI benefits. Plaintiff argues that the court should overturn the Commissioner's decision on the following grounds:

> I. The ALJ committed reversible error by not properly considering the opinion of Plaintiff's treating physician.
>
> II. The ALJ did not find a sufficient number of jobs that Plaintiff could perform in order to carry the Secretary's [sic] burden on that issue.

(Statement of Errors, Plaintiff's Brief at 11, docket # 7). Upon review, I find that plaintiff's arguments do not provide any basis for disturbing the Commissioner's decision. I recommend that the Commissioner's decision be affirmed.

## **Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston*, 245 F.3d at 534 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v.*

*Commissioner*, 127 F.3d at 528; *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

**Discussion**

The ALJ found that plaintiff met the disability insured requirement of the Social Security Act from her alleged onset of disability of September 1, 2003, through June 30, 2005, but not thereafter.[2]  Plaintiff had not engaged in substantial gainful activity since her alleged onset of

---

[2]It was plaintiff's burden on her claim for DIB benefits to submit evidence demonstrating that she was disabled before the June 30, 2005 expiration of her disability insured status.  *See Moon v.*

disability. Plaintiff had a severe impairment of "major depressive disorder." The ALJ found that plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. The ALJ determined that plaintiff's subjective complaints were not fully credible. (A.R. 18-20). Among other things, the ALJ found that plaintiff's extensive daily activities undercut her claims of disabling symptoms:

> The claimant's daily activities are full and varied and do not support her allegations of disability. She completed daily activities questionnaires in November 2004 and August 2005 in which she reported that she got her children up for school, made their lunch[es], prepared breakfast, got them on the bus, took care of her personal needs without assistance, went for any appointments, did household chores, fed the dog, did laundry, prepared an evening meal, helped the children with their homework, got them ready for bed, talked with her husband, and went to bed. She also reported that she drove 3-4 times a week, paid bills, mowed the lawn, shopped for groceries and other items, read, painted, did cross stitching, talked with her friends by telephone or computer, visited family regularly, attended therapy sessions, attended church, and went on dates with [her] husband (with whom she reconciled after a separation) on a weekly basis (Exhibits 5E and 9E). She has also made several trips to Florida with her parents in the past year. Although she initially stated in the questionnaire that she could not keep a job because her emotions were uncontrolled and that she would get mad a[t] all her jobs, at the hearing she testified that she left the job as a hi-lo drive[r] to go to school and needed a flexible schedule; that she left another job when she was pregnant and chose not to return to work; and she left the job as a bartender because she disliked having to tell unruly customers to leave. The claimant had only one inpatient hospitalization, and not the repeated episodes of decompensation noted by Dr. Thebert. Although [Dr. Thebert] alleges a long history of emotional disorder, the record shows that he began treating the claimant in October 2004. The record suggests that the claimant is more functional than she alleges.

(A.R. 20). The ALJ found that plaintiff did not have any medically documented physical limitations. Plaintiff retained the residual functional capacity (RFC) to perform simple, repetitive tasks requiring no more than occasional contact with the general public. Plaintiff was unable to perform her past relevant work. Plaintiff was 38 years old as of the date of the ALJ's decision. Thus, plaintiff was

---

*Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990); *see also Rooney v. Commissioner*, 114 F. App'x 174, 176 (6th Cir. 2004); *Wirth v. Commissioner*, 87 F. App'x 478, 479 (6th Cir. 2003).

classified as a younger individual. Plaintiff has more than a high school education. The transferability of plaintiff's job skills was not material. The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age and with her RFC, education, and work experience, the VE testified that there were approximately 40,500 jobs in the lower two-thirds of Michigan's Lower Peninsula that the hypothetical person would be capable of performing. (A.R. 374-75). The ALJ determined that this constituted a significant number of jobs, and held that plaintiff was not disabled. (A.R. 16-23).

**1.**

Plaintiff repeatedly asks the court to consider evidence that she never presented to ALJ in determining whether the ALJ's decision is supported by substantial evidence. (Plaintiff's Brief at 9-11, docket # 7; Reply Brief at 4, docket # 12). This is patently improper. For more than a decade it has been clearly established law within the Sixth Circuit that the ALJ's decision is the final decision subject to review by this court in cases where the Appeals Council denies review. This court must base its review of the ALJ's decision upon the administrative record presented to the ALJ. The Sixth Circuit has repeatedly held that where, as here, the Appeals Council denies review and the ALJ's decision becomes the Commissioner's decision, the court's review is limited to the evidence presented to the ALJ. *See Jones v. Commissioner*, 336 F.3d at 478; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001); *Cline v. Commissioner*, 96 F.3d 146, 148 (6th Cir. 1996); *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *see also Osburn v. Apfel*, No. 98-1784, 1999 WL 503528, at * 4 (6th Cir. July 9, 1999) ("Since we may only review the evidence that was available to the ALJ to determine whether

substantial evidence supported [his] decision, we cannot consider evidence newly submitted on appeal after a hearing before the ALJ."). The court is not authorized to consider additions to the record in determining whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner correctly applied the law. *See Cline*, 96 F.3d at 148.

Vague requests for alternative relief in the form of a "Sentence Four or Sentence Six" remand appear in the last sentence of plaintiff's brief and reply brief. (Plaintiff's Brief at 16, docket # 7; Reply Brief at 4, docket # 12). "A district court's authority to remand a case for further administrative proceedings is found in 42 U.S.C. § 405(g)." *Hollon v. Commissioner*, 447 F.3d 477, 482-83 (6th Cir. 2006). The statute permits only two types of remand: a sentence four (post-judgment) remand made in connection with a judgment affirming, modifying, or reversing the Commissioner's decision; and a sentence six (pre-judgment) remand where the court makes no substantive ruling as to the correctness of the Commissioner's decision. *Hollon*, 447 F.3d at 486 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991)). The court cannot consider evidence that was not submitted to the ALJ in the sentence four context. It only can consider such evidence in determining whether a sentence six remand is appropriate. *See Foster v. Halter*, 279 F.3d at 357; *Cline*, 96 F.3d at 148; *Cotton*, 2 F.3d at 696.

Plaintiff has the burden under sentence six of 42 U.S.C. § 405(g) of demonstrating that the evidence plaintiff now presents is "new" and "material," and that there is "good cause" for the failure to present this evidence in the prior proceeding. *See Hollon*, 447 F.3d at 483; *see also Longworth v. Commissioner*, 402 F.3d 591, 598 (6th Cir. 2005); *Cline*, 96 F.3d at 148; *Balogh v. Commissioner*, 94 F. App'x 286 (6th Cir. 2004) (A sentence six remand "requires that all three

elements be met."). Courts "are not free to dispense with these statutory requirements." *Hollon*, 447 F.3d at 486.

On October 14, 2005, the ALJ issued his decision denying plaintiff's applications for DIB and SSI benefits. (A.R. 16-23). On March 7, 2005, Michael Thebert, M.D., plaintiff's treating psychiatrist, prepared a letter, apparently in response to a request by plaintiff's attorney for "comment[s]" on the ALJ's decision. (A.R. 343). Dr. Thebert stated that he disagreed with the ALJ's decision. He reported that plaintiff's condition was not improving, and that he planned to try treating plaintiff's condition with a different medication, and had invited plaintiff to explore the possibility of other forms of treatment. (*Id.*). Dr. Thebert concluded his one-page letter with the following statement: "I continue to support assistance with disability for her and ask for another review of this case." (*Id.*). Dr. Thebert's letter is "new" because it was generated after the ALJ decision. *See Hollon*, 447 F.3d at 483-84; *Foster*, 279 F.3d at 357; *see also Templeton v. Commissioner*, 215 F. App'x 458, 463 (6th Cir. 2007). In fact, the letter was created in response to the ALJ's decision.

Contrary to plaintiff's apparent assumption, "good cause" is not established solely because evidence was not generated until after the ALJ's decision. The Sixth Circuit has taken a "harder line." *Oliver v. Secretary of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986); *see also Perkins v. Apfel*, 14 F. App'x 593, 598-99 (6th Cir. 2001). The moving party must explain why the evidence was not obtained earlier and submitted to the ALJ before the ALJ's decision. *See Hollon*, 447 F.3d at 485; *Oliver*, 804 F.2d at 966; *see also Brace v. Commissioner*, 97 F. App'x 589, 592 (6th Cir. 2004) (claimant's decision to wait and schedule tests just before the hearing before the ALJ did not establish good cause); *Cranfield v. Commissioner*, 79 F. App'x 852, 859 (6th Cir. 2003)

(same). Plaintiff's brief and reply brief fail to address plaintiff's burden of demonstrating good cause. Plaintiff has not carried her burden of explaining why this evidence was not obtained earlier and submitted to the ALJ before his decision. Plaintiff has not shown "good cause."

Finally, in order to establish materiality, plaintiff must show that the introduction of the evidence would have reasonably persuaded the Commissioner to reach a different conclusion. *See Foster v. Halter*, 279 F.3d at 357; *Sizemore v. Secretary of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988); *see also Hensley v. Commissioner*, 214 F. App'x 547, 550 (6th Cir. 2007). Plaintiff has not addressed or carried her statutory burden. The March 7, 2006 letter did not reflect the results of any additional testing. Upon review, I am not persuaded of a reasonable probability that the Commissioner would have reached a different decision if the proffered evidence had been presented and considered.[3]

In summary, plaintiff has not demonstrated that remand pursuant to sentence six of 42 U.S.C. § 405(g) is warranted. Accordingly, I recommend that plaintiff's request for remand be denied. Plaintiff's arguments must be evaluated on the record presented to the ALJ.

**2.**

Plaintiff argues that the Commissioner's decision should be overturned because the ALJ failed to give adequate weight Dr. Thebert's opinion, and that the ALJ failed to comply with the procedural requirement of providing "good reasons" for rejecting Dr. Thebert's opinion that plaintiff was unable to work. Neither argument has merit.

---

[3]If plaintiff believes that her condition has deteriorated since the ALJ issued the Commissioner's October 14, 2005 decision, plaintiff remains free to file a new application for SSI benefits.

The issue of whether the claimant is disabled within the meaning of the Social Security Act is reserved to the Commissioner. 20 C.F.R. §§ 404.1527(e), 416.927(e); *see Stiltner v. Commissioner*, No. 06-6207, 2007 WL 2264414, at * 4-5 (6th Cir. Aug. 7, 2007). The ALJ noted that plaintiff had a single voluntary hospitalization in August of 2004 based on conflicts she was experiencing with her husband and her father. Plaintiff reported that her husband of nine years had been abusing alcohol, had moved in with a friend, and left plaintiff to provide care for their children. Plaintiff's diagnosis on admission was a major depressive disorder, and she remained hospitalized for less than a week. (A.R. 19; *see* A.R. 173-87, 329-33). The ALJ carefully examined Dr. Thebert's opinions and rejected them as being unduly restrictive and inconsistent with the record as a whole:

> Dr. Michael Thebert completed a mental impairment questionnaire [A.R. 290-94] in which he reported seeing the claimant every 2 to 4 weeks since October 12, 2004, for major depressive disorder, recurrent, mild. He noted that the claimant has had a long history of depression before being seen and had been tried on many antidepressants with no full remission. He indicated that the claimant had various symptoms and opined that she had moderate restrictions of activities of daily living; marked difficulties in maintaining social functioning; extreme difficulties in maintaining concentration, persistence or pace; and extreme repeated episodes of decompensation. He also noted that the claimant had a medically documented history of an affective disorder of at least 2 years duration; that she had three episodes of decompensation within 12 months and lasting two weeks; that even a minimal increase in mental demands or change in the environment would cause the claimant to decompensate; and that she had history of 1 or more years' inability to function outside a highly supporting living arrangement. He also indicated that the claimant would likely be absent from work more than 4 days per month (Exhibit 12F).
>
> Although the claimant has alleged experiencing debilitating difficulty, the evidence does not support her allegations. Dr. Thebert overstates the severity when he refers to her "inability to function outside a highly supportive living arrangement." The undersigned finds that he also overstates her severity as reflected in his treatment notes, when he implies she needs to be in a hospital or halfway house. She is obviously not an inpatient currently, and there is no evidence to support the allegations that she would miss more than 4 days a month. In his questionnaire, Dr. Thebert reported Axis I diagnosis of major depressive disorder, recurrent, mild. The <u>Diagnostic and Statistical Manual of Mental Disorders</u> (DSM) describes "mild"

>as few, if any, symptoms in excess of those required to make a diagnosis are present, and symptoms result in no more than minor impairment in social or occupational functioning. "Mild episodes" are characterized as either mild disability or capacity to functional normally but with substantial and unusual effort.

(A.R. 19-20). A treating physician's opinion is not entitled to controlling weight if it is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques" or is "inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). The ALJ "is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation." *Buxton*, 246 F.3d at 773; *see Pascoe v. Commissioner*, 137 F. App'x 828, 837 (6th Cir. 2005); *see also Bingaman v. Commissioner*, 186 F. App'x 642, 647 (6th Cir. 2006)("Although the opinion of a treating physician is generally accorded great weight, such deference applies only where the physician's opinion is based on sufficient medical data."); *Bell v. Barnhart*, 148 F. App'x 277, 285 (6th Cir. 2005)("[R]egardless of whether Dr. McFadden was a treating physician, his opinion was entitled to controlling weight only if it was 'well-supported my medically acceptable clinical and laboratory diagnostic techniques and [was] not inconsistent with other substantial evidence in [the] case record.'")(quoting 20 C.F.R. § 404.1527(d)(2)). An opinion that is based on the claimant's reporting of his or her symptoms is not entitled to controlling weight. *See Young v. Secretary of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990); *see also Smith v. Commissioner*, 482 F.3d 873, 875-76 (6th Cir. 2007); *Bell v. Barnhart*, 148 F. App'x at 285. The ALJ's finding that Dr. Thebert's opinions were not entitled to controlling weight is well-supported on this administrative record. The record is devoid of objective test results supporting Dr. Thebert's opinions.

Even when a treating source's medical opinion is not given controlling weight because it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with other substantial evidence in the record, it does not necessarily mean that the opinion should be completely rejected; the weight to be given to the opinion is determined by a set of factors that guides the weight given to the medical opinion, including treatment relationship, supportability, consistency, specialization, and other factors. *See* Social Security Ruling 96-2p (July 2, 1996): *Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions*, SSR 96-2p (reprinted in 1996 WL 374188 (SSA July 2, 1996)); 20 C.F.R. §§ 404.1527(d), 416.927(d)(2); *see also Martin v. Commissioner*, 170 F. App'x 369, 372 (6th Cir. 2006). Here, the ALJ found that Dr. Thebert had only been plaintiff's treating psychiatrist for a year, and that his opinions were inconsistent with his treatment notes and could not be reconciled with the record evidence of plaintiff's extensive daily activities. I find that the ALJ easily satisfied the procedural requirement of giving "good reasons" for not giving controlling weight to Dr. Thebert's opinions. *See Smith v. Commissioner*, 482 F.3d at 875-76; *Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004).

### 3.

Plaintiff argues that the hypothetical question posed to the vocational expert was inadequate because it failed to adequately address difficulties plaintiff has working or performing under stressful circumstances. (Plaintiff's Brief at 10-11). A VE's testimony in response to a hypothetical question accurately reflecting a claimant's impairments provides substantial evidence

supporting the Commissioner's decision.[4]  *See Varley v. Secretary of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).  A hypothetical question is not required to list the claimant's medical conditions, but is only required to reflect the claimant's limitations.  *Webb v. Commissioner*, 368 F.3d 629, 633 (6th Cir. 2004); *see Cooper v. Commissioner*, 217 F. App'x 450, 453 (6th Cir. 2007). The ALJ found that plaintiff's subjective complaints were not fully credible, and it is well settled that a hypothetical question to a VE need not include unsubstantiated complaints.  *See Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993); *see also Griffeth v. Commissioner*, 217 F. App'x 425, 429 (6th Cir. 2007); *Chandler v. Commissioner*, 124 F. App'x 355, 358-59 (6th Cir. 2005); *Turcus v. Social Security Admin.*, 110 F. App'x 630, 632 (6th Cir. 2004).  I find that plaintiff's argument does not provide a basis for disturbing the Commissioner's decision.

**Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed and that plaintiff's request for a remand be denied.

Dated:  August 27, 2007            /s/  Joseph G. Scoville
                                   United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All

---

[4] The 40, 500 jobs identified by the VE constitute a significant number of jobs. *See Martin v. Commissioner*, 170 F. App'x 369, 374 (6th Cir. 2006)(870 jobs constituted a significant number); *Jones v. Commissioner*, No. 96-2173, 1997 WL 413641, at * 2 (6th Cir. July 17, 1997) (1,200-1,500 jobs); *Hall v. Bowen*, 837 F.2d 272 (6th Cir. 1988) (1,350 jobs); *Lee v. Sullivan*, 988 F.2d 789, 794 (7th Cir. 1993) (1,400 is a significant number and collecting cases where as few as 174 positions were found to be a significant number).

objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *McClanahan v. Commissioner*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).