UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARJORIE S. WAHLFIELD, | Case No. 1:06-cv-666 |
| Plaintiff, | HONORABLE PAUL L. MALONEY |
| v. | Magistrate Judge Scoville |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**Order Adopting R&R and Terminating Case**

This matter was referred to the Honorable Joseph G. Scoville, United States Magistrate Judge, for a Report and Recommendation ("R&R").

Title 28 U.S.C. § 636(b)(1) provides, "Within ten days after being served with a copy [of an R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." Likewise, Federal Rule of Civil Procedure 72 provides that "[w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations." *See Deruso v. City of Detroit*, 121 F. App'x 64, 66 n.2 (6th Cir. 2005) ("The Rule requires parties to file objections to a magistrate's report and recommendation within ten days of the time the report is filed.") (citing FED. R. CIV. P. 72(a)); *Rodger v. White*, No. 89-5720, 907 F.2d 151, 1990 WL 95624, at *2 (6th Cir. July 11, 1990) ("Ordinarily, parties must file objections and exceptions to the magistrate's report within ten days of its issuance.") (citing 28 U.S.C. § 636(b)(1)).

The Clerk's Office docket records indicate that the R&R issued on Monday, August 27, 2007 and was served on counsel for both parties on that date. Federal Rule of Civil Procedure 6 begins, "In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included." FED. R. CIV. P. 6(a). Thus, the ten-day objection period began on Tuesday, August 28, 2007.

Rule 6 further provides, "When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." FED. R. CIV. P. 6(a). Thus the court excludes Saturday September 1, Sunday September 2, Monday September 3 (Labor Day), Saturday September 8, and Sunday September 9.

Thus, the ten-day period for filing objections expired at midnight on Tuesday, September 11.

Neither party filed objections before that time, so this court is not obligated to review the R&R's merits *de novo* or otherwise. As the United States Supreme Court has held,

> The statutory provision we upheld in *Raddatz* [447 U.S. 667 (1980)] provided for *de novo* review only when a party objected to the magistrate's findings or recommendations. *See* 28 U.S.C. § 636(b)(1). To the extent *de novo* review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties.

*Peretz v. US*, 501 U.S. 923, 939 (1991) (citation and internal quotation marks omitted).[1]

Furthermore, the failure to file timely specific objections obviates not only *de novo* district-

---

[1] *See, e.g., Johnson v. Comm'r of Soc. Sec.*, No. 5:05cv2155, – F. Supp.2d –, 2007 WL 2292440, at *1 (N.D. Ohio Aug. 7, 2007) ("The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the Report to which an objection has been made.") (Gwin, J.).

judge review of the R&R, but *all* district-judge review.  Again in the words of the Supreme Court,

> In 1976, Congress amended § 101 of the Federal Magistrates Act, 28 U.S.C. § 636, to provide that a United States district judge may refer dispositive pretrial motions, and petitions for writs of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions. The amendments also provide that any party that disagrees with the magistrate's recommendations "may serve and file written objections" to the magistrate's report, and thus obtain *de novo* review by the district judge.
>
> * * *
>
> Petitioner first argues that a failure to object waives only *de novo* review, and that the district judge must still review the magistrate's report [regarding the case-dispositive matters listed in § 636(b)(1)(A)] under some lesser standard.  However, § 636(b)(1)© simply does not provide for such review.  This omission does not seem to be inadvertent, because Congress provided for a "clearly erroneous or contrary to law" standard of review of a magistrate's disposition of certain pretrial matters in § 636(b)(1)(A) [essentially, non-dispositive motions].  Nor does petitioner point to anything in the legislative history of the 1976 amendments mandating review under some lesser standard.  *We are therefore not persuaded that the statute requires some lesser review by the district court when no objections are filed.*

*Thomas v. Arn*, 470 U.S. 140, 141-42, 149-50 (1985) (emphasis added, citation to enacting legislation omitted).

In any event, the court finds the R&R to be well-reasoned.[2]  For the reasons explained by the

---

2

Accordingly, district judges in our circuit routinely adopt R&Rs without additional written analysis where the parties have not timely objected:

> "It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo *or any other standard*, when neither party objects to those findings."  * * *  Because neither party filed timely objections to Magistrate Judge Pepe's Report and Recommendation . . . this Court need not conduct a review.

*Brown v. US*, No. 06-14087, 2007 WL 2156283, at *1 (E.D. Mich. July 25, 2007) (Gadola, J.) (quoting *Thomas v. Arn*, 474 U.S. 140, 150 (1985)).  *See also:*

*Hart v. Ridge Tool Co.*, No. 1:06cv780, – F. Supp.2d –, 2007 WL 1983688, at *2 (N.D. Ohio July 5, 2007) (Nugent, J.);

R&R, substantial evidence supported the ALJ's determination that Wahlfield's major depressive disorder did not render her disabled between her alleged disability onset date (September 1, 2003) and her date last insured (June 30, 2005).

That determination resulted in part from an adverse credibility finding, which was based on (1) Wahlfield's own report that she engaged in daily activities which the ALJ deemed incompatible with her claimed limitations and (2) Wahlfield's own statement that she left at least three jobs for reasons unrelated to her depression, such as her need for a more flexible schedule to accommodate her desire to school, her becoming pregnant, and her disliking dealing with unruly patrons as a bartender, AR 18-20.  The regulations expressly authorize the ALJ to consider a claimant's daily activities when "[e]valuating the intensity of persistence of . . . symptoms . . . and determining the extent to which . . . symptoms limit [the] capacity for work . . . ."  20 C.F.R.  § 404.1529(c)(3).  It is well established that a reasonably perceived inconsistency between daily activities and the claimed degree of pain or functional limitation can undermine a disability claimant's credibility and

---

*US v. Thornton*, No. 6:06cv459, – F. Supp.2d – , 2007 WL 1742160, at *1 (E.D. Ky. June 12, 2007) (Reeves, J.);

*US v. Stone*, No. 06cv86, – F. Supp.2d –, 2007 WL 1610499, at *1 (E.D. Ky. May 31, 2007) (Forester, J.);

*Powell v. Comm'r, Ky. Dep't of Corrs.*, No. 5:06cv32, 2007 WL 756363, at *1 (E.D. Ky. Mar. 8, 2007) (Hood, J.);

*Montalvo v. GMC*, No. 3:04cv7778, 2006 WL 1888704, at *1 (N.D. Ohio July 7, 2006) (Zouhary, J.) ("Neither party objected to the Magistrate's Report. * * * Thus, the Court declines to review the Magistrate's report.");

*Tangwall v. Robb*, No. 01-10008-BC, 2003 WL 23142190, at *1 (E.D. Mich. Dec. 23, 2003) (Lawson, J.) (where party's objections to R&R were untimely, court stated, "[T]he failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion [considered in the R&R].").

help support denial of benefits. *See, e.g., Potter v. Comm'r of Soc. Sec.*, 223 F. App'x 458, 461-62 (6th Cir. 2007) (Cook & Rogers, JJ., &.O'Malley, D.J.) (affirming ALJ's denial of benefits where ALJ "did not find Potter's allegations credible as to the extent that she was precluded from 'performing exertional work-related activities,' because those allegations were inconsistent with Potter's description of her daily activities"); *Griffeth v. Comm'r of Soc. Sec.*, 217 F. App'x 425, 427-28 (6th Cir. 2007) (Moore & Clay, JJ., & Bell, Chief D.J.) (substantial evidence supported ALJ's determination that depression did not render claimant disabled, including evidence that claimant was able to participate in daily activities such as cooking, visiting friends, fishing, helping friends with projects, working in his wood-working shop, doing minor maintenance on his apartment building, mowing his lawn, attending church, and riding a motorcycle); *McKenzie v. Comm'r of Soc. Sec.*, No. 99-3400, 215 F.3d 1327, 2000 WL 687680 (6th Cir. May 19, 2000) (Jones, Batchelder, & Clay, JJ.) ("[W]e believe the ALJ reasonably evaluated plaintiff's credibility with respect to his residual functional capacity given the lack of aggressive treatment, *Plaintiff's daily activities* and the record inconsistencies.") (emphasis added).

Next, for the reasons stated by the R&R at 5-8, Wahlfield has not shown that she is entitled to remand under sentence four or sentence six of 42 U.S.C. § 405(g).[3] Namely, in the sentence-four context, the court is not permitted to consider evidence that was not submitted to the ALJ. In the sentence-six context, Wahlfield fails to show that she had good cause for failing to submit her new

---

[3] *See generally Faucher v. HHS*, 17 F.3d 171, 174 (6th Cir. 1994) (explaining that a sentence-four remand is "a post-judgment remand in conjunction with a decision affirming, modifying, or reversing the decision of the" Commissioner, while a sentence-six remand is "a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the" Commissioner).

evidence (treating psychiatrist Thebert's March 2005 letter) before the ALJ's decision rather than after it. In addition to the sound explanation provided by the Magistrate Judge on this score, the court notes that "plaintiff's counsel did not seek to have the record remain open here provided, which in and of itself shows lack of good cause." *Bass v. McMahon*, No. 06-4415, – F.3d –, –, 2007 WL 2372297, at *5 (6th Cir. Aug. 21, 2007) (citing *Curry v. HHS*, No. 87-1779, 1988 WL 89340, at *4 (6th Cir. Aug. 29, 1988) (per curiam) (Milburn, Boggs, & Contie, JJ.). Wahlfield also fails to show that the letter was "material," i.e., that it had a reasonable probability of changing the Commissioner's ultimate decision.

Finally, for the reasons stated by the R&R at 8-11 and 11-12, respectively, the ALJ did not err in refusing to give controlling weight to treating physician psychiatrist Thebert's opinion,[4] nor in framing the hypothetical question to the vocational expert.

Accordingly, having reviewed the pleadings, the parties' briefs, and the R&R, the court hereby **ADOPTS** the R&R [docket #13], **AFFIRMS** the Commissioner's decision, and **DENIES** plaintiff Wahlfield's request for a remand.

This case is **TERMINATED.**

---

[4]

  *Cf. Pasco v. Comm'r of Soc. Sec.*, 137 F. App'x 828 (6th Cir. 2005) (Siler, Rogers, & D.J. Caldwell) (ALJ did not err by refusing to credit treating physician's statement); *Hickey-Haynes v. Barnhart*, 116 F. App'x 718 (6th Cir. 2005) (Siler, Batchelder, & Rogers, JJ.) (ALJ properly refused to give controlling weight to two treating physicians' opinions that debilitating fatigue caused by kidney disease rendered her totally disabled or unable to work full-time without breaks, respectively, because claimant's record of daily activities suggested that she normally interspersed active chores with sedentary activities, a non-treating physician who examined her found her claim of fatigue to be only partially credible, and a treating kidney specialist doubted that she would suffer debilitating fatigue if placed in a sedentary job).

**This order is final, but it is not appealable.** *See Harris v. Detroit Pub. Schs.*, No. 06-1476, – F. App'x –, 2007 WL 2050645, at *4 n.6 (6th Cir. July 13, 2007) ("[A] party's failure to object to the recommendations of a magistrate judge constitutes a waiver of the right to appeal.") (citing *US v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981)).[5]

**IT IS SO ORDERED this 14th day of September 2007.**

/s/ Paul L. Maloney

Paul L. Maloney
United States District Judge

---

[5]

*See, e.g., Ramjit v. Moore*, No. 06-3784, – F. App'x –, 2007 WL 1958628, at *1 (6th Cir. July 2, 2007) ("respondent waived this issue due to his failure to object on this ground to the magistrate judge's report and recommendation") (citing, *inter alia*, *Thomas v. Arn*, 474 U.S. 140, 155 (1985));

*Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006) ("Frontier did not file an objection to the default entry within ten days of the magistrate's report and recommendation. * * * Frontier's silence constitutes a waiver of the right to appeal the entry of default.");

*US v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) ("Sullivan failed to file objections to the magistrate judge's findings with the district court and, as a result, has waived any challenge to the district court's denial of his motion to suppress the identification evidence.");

*Adkins v. United Mine Workers of America*, No. 93-6386, 61 F.3d 903, 1995 WL 44630, at *3 (6th Cir. July 25, 1995) ("Because the plaintiffs did not file written objections to the magistrate's order within ten days, they have waived appellate review of this issue.") (citing *Thomas*, 474 U.S. at 155, and *Willis v. Sullivan*, 931 F.2d 390, 400-01 (6th Cir. 1991)).